## FARWELL MOTOR CO. v. WILLIAMS.*
### (No. 2964.)

Court of Civil Appeals of Texas. Amarillo. Feb. 1, 1928.

Rehearing Denied March 21, 1928.

W. H. Russell, of Hereford, for plaintiff in error.

L. C. Penry, of Stamford, for defendant in error.

JACKSON, J. J. C. Williams, hereinafter called appellee, instituted this suit in the district court of Deaf Smith county, Tex., against the Farwell Motor Company, a corporation.

The appellee alleges, in substance, that on March 17, 1926, the Border Motor Company, a copartnership, entered into a contract with him, by the terms of which he was employed for one year, and was to receive for his services the sum of $150 per month, and, in addition thereto, 10 per cent. of the profits made by the company, providing the profits amounted to or exceeded the sum of $7,000; that it was also provided that his employment might be terminated before the expiration of a year, at the election of the Border Motor Company, or its successors; that he performed the services required of him under the contract from March 16, 1926, until January 1, 1927, and was paid $150 per month; that he continued to work for the company until January 17th, and his services during such continued work were of the reasonable value of $5 per day, or $85; that about January 1, 1927, the appellant became the owner of the Border Motor Company and its business, with the assets procured a charter, and incorporated in the name of Farwell Motor Company; that it thereby became bound to appellee on his contract with the Border Motor Company; that appellant elected to discontinue the services of appellee, except until January 17th, as above shown; that the business had made a profit of $11,000 on January 1, 1927, when the Border Motor Company was discontinued and appellant company organized; that appellant is liable to him for the sum of $85 for his services during January, 1927, and 10 per cent. of the $11,000 profits that were made.

The appellant filed no answer except a general demurrer.

In response to special issues submitted by the court, the jury found, in effect, that the net profits earned in the business from March 16, 1926, to January 1, 1927, amounted to $7,326.50. On the verdict of the jury, the court rendered judgment for appellee for the sum of $817.65, which included the $85 for services for the 17 days in January, 1927.

From this judgment, this appeal is prosecuted by writ of error.

Appellant assigns as error the action of the court in rendering judgment against it, because appellee, having pleaded that he was entitled to 10 per cent. of the net profits, if in

*Writ of error dismissed.

excess of $7,000 for a period of one year, and having failed to prove the net profits for the whole year, was not entitled to recover under the pleading and proof.

The contract entered into between the Border Motor Company and appellee provided, in substance, that appellee was employed as manager of the Border Motor Company, at the pleasure of the company, for the sum of $150 per month, payable monthly, and that, if the profits of the business amounted to or exceeded $7,000, appellee was to receive 10 per cent. of the profits; that the profits should be figured from the inventory of the business on March 14, 1926, and March 16, 1927; that, at the end of the year, the owner of the business, regardless of who it might be, was to pass upon the value of all accounts, credits, and bills receivable, and be the sole judge of their value, and, if any of such bills were classed as bad, and thereafter collected within three months, the company was to pay 10 per cent. of the amount so collected, and that, for the purpose of the agreement, the year should begin March 14, 1926, and end March 16, 1927, and that appellee was to at all times act under the advice and instruction of the owners, regardless of who they were.

, J. H. Elder, who made the contract with appellee for the Border Motor Company, and who, after its incorporation, was the manager of the Farwell Motor Company, testified that on March 16, 1926, at the time appellee took charge, the gross inventory of the business was $29,617.45 and the net inventory was $14,957.95; that appellee remained in the business until January 1, 1927, and at that time his services were discontinued, and an inventory was made showing that the total physical properties of the business were of the gross value of $31,440.09, and the net value of $21,184.22, leaving the net profits $6,226.27; that the business was indebted to the Clovis National Bank at the time appellee took charge, which was evidenced by a note of $6,000, upon which appellee, under his management, had paid the interest and $1,200 of the principal; that there was other indebtedness contracted by the company prior to appellee having taken charge, and which was paid under his management, amounting to $488.09; that, after January 1st, certain items of indebtedness incurred by appellee had been paid, and certain payments made on the $6,000 note, which the company owed at the time appellee took charge of the business. ██ The record discloses that the bookkeeping of the company was very indefinite, uncertain, and unsatisfactory. However, from the testimony of Mr. Elder and the testimony of appellee, it is our opinion that it is sufficient to warrant the conclusion that the net profits of the company at the end of the year, March 16, 1927, exceeded the net profits

on January 1, 1927, the time when appellee's services were discontinued, and that the testimony is sufficient to support the finding of the jury that the net profits on January 1, 1927, amounted to $7,326.50. Appellee therefore was allowed to recover less by determining the profits as of January 1st than he would have recovered had the profits been determined as of March 16th; hence appellant was in no way injured, and, if the assignment presents error, it was harmless.

Appellant's assignment attacking the sufficiency of the testimony to warrant the finding of the jury is overruled.

██ Appellant presents several assignments as to the admissibility of certain testimony, but, as no assignments on bills of exception are in the record, these cannot be considered.

The judgment is affirmed.